**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUVENTINO IBARRA GONZALEZ,

Defendant - Appellant.

No. 12-50160

D.C. No. 2:11-cr-01190-DSF-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted July 11, 2013[**]
Pasadena, California

Before: GRABER, RAWLINSON, and WATFORD, Circuit Judges.

Juventino Ibarra Gonzalez appeals from the district court's judgment

sentencing him to 51 months in prison after he pleaded guilty to being an illegal

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

alien who was removed from, and subsequently found in, the United States in violation of 8 U.S.C. § 1326. He argues that the court made two errors with respect to the calculation of his criminal history, first by failing to treat two prior sentences as a single sentence under U.S.S.G. § 4A1.2(a), and second by assessing additional points under U.S.S.G. § 4A1.1(d) for committing his § 1326 offense while he was on parole.

The district court did not err in treating Gonzalez's two prior sentences as separate sentences and accordingly applying two three-point increases to his criminal history. Under U.S.S.G. § 4A1.2(a), prior sentences should be counted separately when there is no intervening arrest unless "(A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day." Gonzalez was sentenced for a marijuana possession offense on May 23, 2008, and for a burglary offense on June 3, 2008, and the two offenses were charged in different charging instruments. Thus, he does not fall within the plain terms of the Guidelines provision. Gonzalez nonetheless contends that it would be arbitrary not to treat the two sentences as one because the hearings were originally scheduled for the same day and would have taken place on the same day if not for the fact that they were scheduled to be held in different courthouses. Given, however, that the two sentences were for completely

unrelated offenses, which took place nearly two years apart, we do not think U.S.S.G. § 4A1.2(a) was intended to encompass Gonzalez's situation, and the district court was therefore correct to apply the provision as written.

The district court also did not err by assessing two criminal history points for committing the present offense while on parole. Gonzalez does not dispute that he was placed on parole when he was released from prison for the burglary offense on March 31, 2011. Instead, he argues that his parole automatically terminated as a matter of state law once he was deported from the United States on April 20, 2011. However, the California Department of Corrections and Rehabilitation (CDCR) policy memorandum that Gonzalez cites in support of that argument states only that a parolee who has been deported *may* be discharged following certain procedures (as opposed to automatically), and Gonzalez provides no evidence that he himself was ever so discharged. Moreover, the probation officer who prepared Gonzalez's presentence report learned from an inquiry to CDCR that Gonzalez was on non-revocable parole until April 1, 2012, under California Penal Code section 3000.03. Thus, the district court correctly concluded that Gonzalez was on parole at the time he violated § 1326.

Gonzalez further contends that, if he was in fact on non-revocable parole at the relevant time, that form of parole does not meet the requirements of a "criminal

3

justice sentence" under U.S.S.G. § 4A1.1(d). The application notes for that provision state that "a 'criminal justice sentence' means a sentence . . . having a custodial or supervisory component, although active supervision is not required for this subsection to apply." U.S.S.G. § 4A1.1(d) cmt. n.4. Gonzalez does not dispute that a person on non-revocable parole is subject at least to warrantless searches by the police. As the district court correctly concluded, that condition alone satisfies the requirement that the criminal justice sentence at issue have a supervisory component. *See id.* (noting that a "term of unsupervised probation" would fall within the definition of criminal justice sentence).

**AFFIRMED.**